IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**FERRONE CLAIBORNE,**

      Petitioner,

v.                                                   **CIVIL ACTION NO. 1:12cv38**
                                                            **(Judge Keeley)**

**TERRY O'BRIEN,**

      Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On March 6, 2012, the *pro se* petitioner, Ferrone Claiborne, an inmate at USP Hazelton, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241. The petitioner paid the required filing fee on March 12, 2012. On April 13, 2012 the undersigned made a preliminary review of the petition and determined that summary dismissal was not warranted. Accordingly, an Order to Show Cause was issued against the respondent. On May 3, 2012, the respondent filed his response together with a Motion to Dismiss. On May 8, 2012, a Roseboro Notice was issued, and on May 29, 2012, the petitioner filed a reply.

### II. FACTS

On November 21, 2000, a one-count indictment was filed against the petitioner in the United States District Court for the Eastern District of Virginia. After arrest, the petitioner, along with a co-defendant were charged in a three count superceding indictment. The petitioner was charged in Count One - conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846;

Count Two - using a firearm to commit murder during drug trafficking; aiding and abetting in violation of 18 U.S.C. §§ 924(c), 924(j) and 2; and Count Three - murder of law enforcement officer during drug trafficking; aiding and abetting in violation of 21 U.S.C. § 848(e)(1)(b) and 18 U.S.C. § 2. (Doc. 10-1, p. 2). Following an eight day jury trial, the petitioner was found guilty on only Count 1, conspiracy to distribute 50 or more grams of cocaine base. (Id. at 12). He was subsequently sentenced to life imprisonment. (Id. at 15).[1]

The petitioner and his co-defendant appealed their convictions and sentences to the United States Court of Appeals for the Fourth Circuit. (Doc. 10, p. 2). The Court of Appeals affirmed the petitioner's sentence and the Supreme Court of the United States denied Certiorari. (Id.).

On March 3, 2004, the petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2255 based on a claim of ineffective assistance of counsel and Fifth and Sixth Amendment violations. United States v. Claiborne, 388 F. Supp. 2d 676, 679 (E.D. Va. 2005). The petitioner's §2255 was denied by the District Court and his subsequent appeal was dismissed by the Fourth Circuit. (Doc. 10-3, p. 1).

On March 6, 2012, the petitioner filed the instant Application for Habeas Corpus Pursuant to 28 U.S.C. §2241. For relief, the petitioner requests the court vacate and set aside his conviction.

### III. **CONTENTIONS OF THE PARTIES**

---

[1] At sentencing, the district court applied a cross-reference to the first degree murder guidelines based on its factual finding by clear and convincing evidence, that the petitioner and his co-defendant had killed [the police officer] under circumstances that would constitute murder under 18 U.S.C. § 1111. Application of the cross-reference yielded a base offense level of 43 for the petitioner and his co-defendant. The district court determined that the Guidelines directed imposition of life sentences. See U.S. v. Richardson, 51 Fed.Appx. 90, 92 2002 WL 31415467 (4th Cir. 2002).

The petitioner asserts that he is entitled to relief under 28 U.S.C. §2241 based on the recent Supreme Court ruling in <u>DePierre v. U.S.</u>, 131 S.Ct. 2255 (2011). In a somewhat convoluted argument, the petitioner essentially maintains that <u>DePierre</u> alters the definition of "cocaine base" in 21 U.S.C. § 846 to mean cocaine in its chemically basic form which is $C^{17}H^{21}NO^{4}$. The petitioner further maintains the <u>Depierre</u> decision requires the Government to plead and prove that the controlled substance in question contained that specific molecule, and absent an allegation in the indictment or proof to the jury of such chemical molecule, his alleged conspiracy to distribute cocaine base, commonly known as crack, could not be criminal. Therefore, the petitioner contends that because substantive law has changed in regards to his conviction, a §2241 petition is proper under the three-prong test established <u>In re Jones</u>, 226 F.3d 338, 334 (4th Cir. 2000).

In their Motion to Dismiss, the respondent argues that the petitioner's 28 U.S.C. §2241 claim does not merit relief under §2241. The respondent alleges the petitioner's claim is actually a 28 U.S.C. §2255 claim, because the petitioner is challenging the validity of his sentence rather than the execution of the sentence, the general basis of a §2241 claim. Furthermore, the respondent alleges that the petitioner's claim does not fall under the "savings clause" exception to allow §2255 claims that are "inadequate or ineffective" to be filed under §2241.

In the petitioner's reply, he reaffirms his claim that <u>DePierre</u> alters the interpretation of 21 U.S.C. § 846, making him "innocent" under the new interpretation of the statute.

## IV. **STANDARD OF REVIEW**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint;

importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a

"plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

## V. ANALYSIS

A motion filed under §2241 is typically used to challenge the manner in which a sentence is executed. See In re Jones, 226 F.3d at 334; In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997). A motion filed pursuant to § 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. See Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases from other circuits).

However, despite the fact that a § 2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, § 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of what is known as the Section 2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). The savings clause provides that a prisoner may file a writ of habeas corpus if a remedy through a § 2255 motion is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). It is well established that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier

to bringing a § 2255 petition." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2001).

Furthermore, § 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under the section is time-barred. United States v. Laurie, 207 F.3d 1075, 1077 (8th Cir. 2000).

The Fourth Circuit has examined the prerequisites for finding that §2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.[2]

Id. at 333-34.

Here, the primary issue of contention revolves around the second element of the Jones test which requires that "subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." Id. The petitioner alleges DePierre changes the interpretation of 21 U.S.C. § 846 and requires the government to establish that the substance charged in the indictment contains the chemical compound $C^{17}H^{21}NO^{4}$. The petitioner further argues that it is not the common name

---

[2] The "gatekeeping" requirements provide that an individual may only file a second or successive §2255 motion if the claim sought to be raised presents:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
28 U.S.C. § 2255; see Jones, 226 F.3d at 330.

"crack" that is unlawful but rather the substance that contains the specific molecule $C^{17}H^{21}NO^4$

Relying on DePierre, the petitioner claims the substantive law has changed in a way that makes him "innocent" of his crimes. (Doc. 15, p. 4).

In DePierre, the Court was required to decide whether the text of 21 U.S.C. § 841(b)(1)(A)(iii), wherein 50 grams³ or more of "cocaine base" triggers the mandatory minimum ten-year sentence, refers solely to crack cocaine or any form of cocaine in its "basic form." The Court upheld the U.S. First Circuit Court of Appeals' decision that "cocaine base" refers to cocaine in its "basic form," and not solely to crack cocaine. 131 S.Ct. at 2237. In reaching its decision, the Court noted that "[a]s a matter of chemistry, cocaine is an alkaloid with the molecular formula $C^{17}H^{21}NO^4$." 131 S.Ct. at 2228. However, no where in the decision, does the Court indicate that the government must establish that the substance charged in the indictment contains the chemical compound $C^{17}H^{21}NO^4$.

Similar attempts have been made in other federal jurisdictions, using the language in DePierre to argue that the government must prove a specific molecule in order to convict someone with "cocaine base." In McCullers v. United States, 2012 WL 1942068 (E.D. Va. 2012), the petitioner alleged "that DePierre require[d] the government to provide physical evidence that he possessed a substance containing the molecule $C^{17}H^{21}NO^4$, which he argued the United States failed to do." Id. The court in McCullers disagreed, holding that DePierre did not address what proof the government must show to prove "cocaine base." Id. The petitioner in Arnold v. Ask-Carlson 2012 WL 1309190 (W.D. La. 2012) similarly argued that he was innocent of crack cocaine charges because the government failed to prove the exact type and quantity of

---

³Currently, this provision requires a quantity of 28 grams or more of a mixture...which contains cocaine base,

cocaine the petitioner possessed. Id. Arnold held DePierre to mean "only that the term "cocaine base" included crack cocaine. Since Arnold was found guilty of possessing with intent to distribute crack cocaine, DePierre did not decriminalize any of the conduct for which Arnold was convicted." Id. The same reasoning applies to this case.

In conclusion, violation of 21 U.S.C. § 846 remains a criminal offense and, therefore, the petitioner cannot satisfy the second element of Jones. Because, the petitioner clearly attacks the validity of his conviction and sentence, and fails to establish that he meets the Jones requirements, the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.

## VI.  **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss Motion, or alternatively, Motion for Summary Judgment, (Doc. 9) be **GRANTED**, and the petitioner's §2241 (Doc. 1) petition be **DENIED and DISMISSED.**

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: June 29, 2012

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE